UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEKSANDR KOGAN,

        Plaintiff,

v.                                  Case No.1:19-cv-02560-PAE

FACEBOOK, INC., PAUL GREWAL, ALEX
STAMOS, and MARK ZUCKERBERG,

        Defendants.

### DECLARATION OF JENNIFER A. BECKAGE IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION FOR LEAVE TO FILE WAIVER OF SERVICE FORM OR, IN THE ALTERNATIVE, EXTEND TIME FOR SERVICE OF THE ORIGINAL COMPLAINT

I, Jennifer A. Beckage, Esq., declare pursuant to 28 U.S.C. § 1746:

1.     I am a member and managing director of Beckage PLLC, counsel for Plaintiff Aleksandr Kogan, Ph.D. and have knowledge of the facts stated in this declaration.

2.     I submit this declaration in response to the Court's Order to Show Cause, dated November 25, 2019, and in support of Dr. Kogan's motion for leave to file waiver of service or, in the alternative, extend time for service of the original complaint on the Defendants.

### Procedural Background

3.     The Original Complaint was timely filed on March 15, 2019 in New York State Court (Dkt. 1, ex. A) – which Defendants have conceded in communications with Dr. Kogan's counsel – was before the expiration of the relevant statute of limitations for defamation, the shortest of the statutes of limitation at issue.

4.     On March 21, 2019, Defendant Facebook removed the state court action to federal court. (Dkt. 1).

5. Defendant attached a true and accurate copy of the Original Complaint as an exhibit to its Notice of Removal.  (Dkt. 1, ex. A).

6. Following removal by one Gibson Dunn attorney, three additional attorneys filed notices of appearance on behalf of Defendant Facebook and another sought pro hac vice admission, which motion was granted.  In total, five attorneys from the law firm Gibson Dunn have appeared in this action on behalf of Defendants.  (Dkt. 4-8).

7. After removal, an attorney at Gibson Dunn called Dr. Kogan's former counsel to discuss matters, which was memorialized in an email.

8. In that email, counsel stated that Gibson Dunn "represented ***all the defendants*** in this action" and was authorized and "willing to waive service for all of them."  (emphasis added).  Further, counsel agreed to execute a waiver of service and effectuate that process by email.  **Exhibit A** is a copy of the April 1, 2019 email from Defendants' law firm Gibson Dunn to Dr. Kogan's former counsel.

9. As detailed in the affidavit of Dr. Kogan, sworn to December 2, 2019, Dr. Kogan's former counsel had notified him that he could no longer represent him in what was now a federal court action.

10. In his affidavit, Dr. Kogan further describes the steps he took to secure new counsel to represent him in the now-removed federal court action.

11. Ultimately, my firm was retained by Dr. Kogan to represent him in this matter.

12. Promptly after being retained by Dr. Kogan, on October 12, 2019 my firm filed the First Amended Complaint ("FAC") against Defendants on Dr. Kogan's behalf.  (Dkt. 12).

13. Although Defendants were in possession of the Original Complaint and indicated their agreement to waive service thereof (ex. A), as incoming counsel, we inquired on October 15, 2019 as to service of the FAC on Defendants as a proactive measure.

14. That inquiry was met the very following day with a letter demanding dismissal of the action as time barred by the statute of limitations for ineffective service of the Original Complaint.

15. To my knowledge, this is the first time that Gibson Dunn advised that it would now be objecting to its previous agreement to waive service of the Original Complaint on behalf of all Defendants.

16. Thereafter, we exchanged correspondence with Gibson Dunn regarding service and counsel indicated Dr. Kogan's desire to litigate on the merits.

17. In response, on November 14, 2019 Gibson Dunn served a proposed Rule 11 motion, which includes the Original Complaint as an exhibit. The primary basis for the motion is that Dr. Kogan's claims should be time-barred for failure to effectuate service of the Original Complaint.

18. Overall, in the few short weeks after appearing in this action, we have sought to preserve claims through the FAC, discuss service and waiver with opposing counsel, and were in the process of preparing a response to the served proposed Rule 11 motion, including seeking relief from the Court as it relates to waiver and service.

19. Concurrently, on November 25, 2019, the Court filed the instant Order to Show Cause, to which Dr. Kogan now timely responds.

**Waiver Was Effectuated But The Waiver Form Now Can And Should Be Filed**

20. Defendants' agent, Gibson Dunn, was authorized to waive service of the Original Complaint on behalf of all Defendants, and agreed to do so on April 1, 2019, which was within the 90-day period for service under Rule 4. (Ex. A).

21. Thus, Dr. Kogan seeks leave to file a waiver of service form reflecting Defendants' agreement to waive service of the Original Complaint on April 1, 2019.

22. If Defendants refuse to execute such a form at this time, the Court can nonetheless declare that Defendants' April 1, 2019 agreement to waive service effectuated the waiver, where other documentary proof supports that Defendants were in possession of the Original Complaint, had appeared before this Court, and had invoked the Court's jurisdiction and authority.

23. In the alternative, if this Court finds that service was not effectuated, for good cause shown by Dr. Kogan's Affidavit, or in the Court's discretion and for reasons described in the accompanying Memorandum of Law, Dr. Kogan respectfully requests that this Court extend his time to serve Defendants by thirty (30) days.

24. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Buffalo, New York
       December 2, 2019

Respectfully submitted,

BECKAGE PLLC

By: __/s/ Jennifer A. Beckage__
    Jennifer A. Beckage, Esq.
    Myriah V. Jaworski, Esq.
*Attorneys for Plaintiff*
*Aleksandr Kogan*
The Liberty Building
420 Main Street, Suite 1110
Buffalo, New York 14202
(716) 898-2102
jbeckage@beckage.com
mjaworski@beckage.com